Rivera de Martínez, Juez Ponente
*1136 TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso se plantea la revocación de una resolución emitida el 16 de mayo de 1995, por voz de la Hon. Lydia E. Couvertier, Juez del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina. En síntesis, el tribunal de instancia, determinó eliminar las alegaciones y anotar la rebeldía a los aquí peticionarios, por no contestar a tiempo un interrogatorio, a pesar de habérseles concedido varias prórrogas. La vista en rebeldía fue señalada para el 14 de agosto de 1995, habiendo quedado paralizados los procedimientos mediante orden emitida por este Tribunal el 10 de agosto de 1995. En dicha orden se le concedieron quince (15) días a la parte demandante-recurrida para que mostrara causa por lo cual no debíamos revocar o modificar la resolución recurrida.
Examinemos detenidamente los hechos que constituyen la génesis de esta controversia.
I
El 9 de diciembre de 1993, el demandante-recurrido, Héctor Del Castillo Jiménez, presentó una demanda en cobro de dinero contra Nelly Colón Ortiz y Rinell Comas Castellano por sí y en representación de la sociedad de gananciales compuesta por ambos, así como otros codemandados. Básicamente alegó que le había requerido a los codemandados el pago principal de $26,640.00 más $2,200.00 para honorarios de abogado, y éstos se habían negado. Manifestó que la deuda era por concepto de cánones de arrendamiento de un local comercial.
Luego de que el tribunal de instancia les concediera una prórroga, el 19 de mayo de 1994, los co-demandados Nelly Colón Ortiz y Rinell Comas Castellano, aquí peticionarios, contestaron la demanda, negando la deuda y exponiendo defensas afirmativas. Ese mismo día presentaron una moción solicitando prórroga de treinta (30) días para contestar un interrogatorio sometido por el demandante el 31 de marzo de 1994. La razón para esta prórroga descansó en que parte de la información requerida en el interrogatorio estaba en manos de terceras personas.
El 3 de junio de 1994, el tribunal de instancia ordenó a las partes prepararse para llevar a efecto una conferencia con antelación al juicio el día 10 de octubre de 1994. 
Ante el hecho de que los peticionarios no habían contestado el interrogatorio, el 1 de julio de 1994, el demandante-recurrido, presentó una moción para que se les ordenara contestar en un término de cinco (5) días el susodicho interrogatorio. 
Atendiendo este incidente, el 30 de agosto de 1994, el tribunal ordenó a los peticionarios a contestar el interrogatorio, "sopena de sanciones". 
Los peticionarios incumplieron esta orden, por lo que el 6 de octubre de 1994, el recurrido presentó una segunda moción pidiendo que en un plazo improrrogable de cinco (5) días los peticionarios contestaran dicho interrogatorio. 
El 31 de octubre de 1994, los peticionarios presentaron una segunda solicitud de prórroga para contestar el interrogatorio en un término de quince (15) días. Alegaron que por inadvertencia, en la oficina del abogado suscribiente se extravió el mencionado interrogatorio ya que fue archivado incorrectamente, y por ello, no fue posible encontrarlo hasta esa fecha. 
El 8 de noviembre de 1994, el tribunal celebró la conferencia con antelación al juicio. Allí las partes expresaron que no habían finalizado el descubrimiento de prueba, por lo cual el tribunal señaló nuevamente para el 10 de marzo de 1995 la celebración de dicha conferencia, y para el 9 de agosto de 1995, la vista en su fondo. Ademas, se ordenó a las partes que presentaran el informe de conferencia con antelación al juicio, conforme a lo dispuesto en la Regla 37 de Procedimiento Civil, 32 L P R A *1137 Ap m. R. 37. 
El 10 de marzo de 1995, se reunieron para la conferencia con antelación al juicio. El abogado de los peticionarios informó que no se había podido iniciar el descubrimiento de prueba por confrontar problemas para comunicarse con sus clientes. Con el visto bueno de la parte demandante-recurrida, el tribunal le concedió un plazo adicional de quince (15) días para que informara de sus gestiones. Advirtió que de transcurrir el término concedido resolvería la controversia. 
Ante el reiterado incumplimiento de los peticionarios en contestar el mencionado interrogatorio, el 6 de abril de 1995, el recurrido presentó una solicitud de anotación de rebeldía. Alegó que los peticionarios no habían contestado el interrogatorio que se les había notificado desde el 31 de marzo de 1994, ni habían comparecido a la toma de deposición citada para el 20 de diciembre de 1994, todo ello, en incumplimiento con las órdenes del tribunal. 
El 26 de abril de 1995, los peticionarios presentaron una moción informando al tribunal que ese mismo día habían remitido al recurrido la contestación al mencionado interrogatorio. De igual forma, expresaron que estaban disponibles para ser depuestos en la fecha mas próxima posible. La razón que adujo el abogado para el reiterado incumplimiento, fue la falta de comunicación entre este y los peticionarios, como resultado de los problemas matrimoniales entre ellos, situación que alegadamente había expuesto al tribunal desde el 10 de marzo de 1995, durante la vista celebrada en esa fecha. Expuso que se habían realizado múltiples llamadas telefónicas, sin éxito alguno y envió cartas por el correo ordinario así como certificadas con acuse de recibo requiriéndoles que pasaran por sus oficinas, las cuales fueron devueltas por el correo. Finalmente alegó que pudo hacer contacto con sus clientes a través de familiares, habiendo comparecido entonces los peticionarios a su oficina a explicar que ella estaba fuera de Puerto Rico y él cambió su dirección. Por todo ello le pidió disculpas al tribunal.
El 16 de mayo de 1995, el tribunal de instancia emitió la siguiente resolución:

"SE ANOTA LA REBELDIA, POR NO CUMPLIR CON LO ORDENADO, DESDE OCTUBRE, SOLICITO, PRORROGA Y SE LE CONCEDIO Y NO CUMPLIO. SE SEÑALA VISTA EN REBELDIA, PARA EL 14 DE AGOSTO DE 1995".

II
Inconforme con la anterior determinación, los peticionarios acuden ante nos mediante el presente recurso. Señalan que el tribunal de instancia cometió los siguientes errores:
"Erró el Hon. Tribunal de Instancia al ordenar la eliminación de las alegaciones y la anotación de la rebeldía a la parte recurrente luego de ésta haber cumplido, desde un mes antes, con su orden de descubrimiento y luego de haber expresado los motivos de su omisión".

"Erró el Hon. Tribunal de Instancia al ordenar la eliminación de las alegaciones y la anotación de la rebeldía a la parte recurrente, sin antes cumplir con los mandatos jurisprudenciales que favorecen la norma constitucional y la política judicial de promover que las partes tengan su día en corte".

El día 22 de agosto de 1995, el recurrido compareció mediante moción en cumplimiento de nuestra orden de mostrar causa por lo cual no debíamos revocar o modificar la resolución recurrida. Expresó que no tiene inconveniente en que se expida el auto solicitado por los peticionarios, siempre y cuando el co-demandado Rinell Comas Castellanos conteste el interrogatorio que se le notificó desde el pasado 31 de marzo de 1994, y que tanto él como la codemandada Nelly Colón Ortiz se comprometan a comparecer a una toma de deposición la cual no ha podido ser tomada por causas ajenas al control del recurrido.
III
Reiteradamente, nuestro Tribunal Supremo ha expresado la importancia de un amplio y liberal descubrimiento de prueba.
Esta es la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia *1138 que tanto mina la fe del pueblo en el sistema judicial. Un sistema liberal para tal descubrimiento, facilita la tramitación de los pleitos y evita los inconvenientes, las sorpresas y las injusticias que surgen cuando las partes ignoran hasta el día de la vista, las cuestiones y los hechos que en realidad son objeto del litigio. Aponte Rivera v. Sears Roebuck de P.R., 92 J.T.S, 23, a la pág. 9270; Lluch v. España Service Sta., 117 D.P.R. , 743 (1986); Ades v. Zalman, 115 D.P.R. 514, 517 (1984); Rivera Alejandro v. Algarín, 112 D.P.R. 830, 834 (1982); Sierra v. Tribunal Superior, 81 D.P.R. 554, (1959); Shell Co (P.R.) Ltd. v. Tribunal de Distrito, 73 D.P.R. 451, 461 (1952); Cuevas Segarra, J. A., Práctica Procesal Puertorriqueña, Procedimiento Civil, San Juan, Puerto Rico, Publicaciones J.T.S., 1985, Vol. II, Cap. V.
No obstante, el descubrimiento de prueba, para que sea efectivo, requiere de la diligencia de las partes, y el tribunal tiene la obligación de velar porque la demora o falta de diligencia no atente contra el principio rector que impera en todo nuestro ordenamiento procesal, enunciativo de que los incidentes en los tribunales deben solucionarse de manera justa, rápida y económica. Lluch v. España Service Sta., supra.
En Aponte Rivera v. Sears Roebuck de P.R., 92 J.T.S. 23, a la pág. 9271, el Tribunal Supremo resolvió que aun en aquellos casos en que una parte a la cual se le ha notificado un interrogatorio no lo contesta en su totalidad, se le pueden imponer sanciones tanto al abogado como a la parte, a tenor de lo dispuesto en la Regla 34.4, de las de Procedimiento Civil, sin que sea necesaria la presentación previa de una moción para obligar a contestar. Dicha Regla preceptúa lo siguiente:

"Si una parte, o un funcionario o agente administrador de una parte o una persona designada para testificar a su nombre según disponen las Reglas 27.5 ó 28, dejare de (1) comparecer ante la persona ante quien se ha de tomar su deposición después de haber sido debidamente notificada, o (2) presentar contestaciones u objeciones a los interrogatorios sometidos de acuerdo con la Regla 30 después de habérsele notificado debidamente los mismos; o (3) presentar una contestación por escrito a una solicitud para efectuar una inspección después de habérsele notificado debidamente la misma, el tribunal, a solicitud de parte, podrá dictar, con relación al incumplimiento, aquellas órdenes que fueren justas, entre ellas podrá tomar cualquier acción de las autorizadas en los incisos (1), (2) y (3) del apartado (b) de la Regla 34.2. En lugar de cualesquiera de las anteriores órdenes o en adición a las mismas, el tribunal impondrá a la parte que incumpliere o al abogado que la aconsejó, o a ambos, el pago del importe de los gastos razonables ocasionados por la negativa, incluyendo honorarios de abogado, a menos que el tribunal determine que existía una justificación válida para el incumplimiento o, que dentro de las circunstancias, el pago de los gastos resultaría injusto.

No será excusable la falta de cumplimiento a que se refiere esta regla, por el fundamento de que lo solicitado es objetable, a menos que la parte que incumpla haya obtenido una orden protectora de acuerdo con la Regla 23.2." (Subrayado nuestro.)
De conformidad con lo anterior, el caso de Amaro González v. First Federal Saving Bank, 93 J.T.S. 46, a la pág. 10544, nos ilustra sobre el propósito de la Regla 34.4 antes citada:
"El nuevo texto, que elimina el requisito de intencionalidad y añade la excepción de las medidas protectoras al eximente de la sanción, parece sugerir que basta con que se deje de actuar según requerido para que proceda la sanción que dispone la regla, pues ciertamente la negligencia, aunque no sea conducta intencional, es tan censurable como la contumacia. Lo que sucede es que obviamente en un caso de omisión por negligencia el tribunal no debe recurrir al remedio drástico de la desestimación que es, después de todo, la última sanción a la que el tribunal debe recurrir en todo caso. Las sanciones económicas, aunque modestas, pueden cumplir el propósito de desalentar la negligencia y hasta el olvido. Visto de este modo, la citada jurisprudencia es perfectamente armonizable con la nueva regla". (Enfasis nuestro
El mismo caso alude a la tendencia jurisprudencial hacia la imposición de sanciones económicas como medio de evitar la desestimación y otros remedios drásticos:
"De igual manera y, en armonía con lo expresado, la tendencia jurisprudencial ha sido la de *1139 imponer sanciones económicas, en primera instancia, contra aquella parte que observa una conducta censurable bajo nuestro ordenamiento civil procesal. Esta "suavización" de la sanción así como el postergar la imposición de sanciones drásticas y severas como último recurso al cual se deba acudir, responde a la política judicial imperante, por un lado, de que los casos se ventilen en sus méritos y, por otro lado, de que éstos se resuelvan de forma justa, rápida y económica. Regla 1 de las de Procedimiento Civil; Nuevos enfoques en la administración de la justicia, supra, a las págs. 124-125. Dávila, ante, a la pág. 818 y casos allí citados. En el pasado, la imposición de sanciones de índole económica contra una parte ha sido utilizado con efectividad por nuestros tribunales en el área del descubrimiento de prueba, Ramos Carrillo v. Tribunal Superior, 102 D.P.R. 756 (1974); Girard Industries Corp. v. Tribunal Superior, 103 D.P.R. 680 (1975), para motivarla a agilizar esta etapa procesal. Esta práctica, por parte de nuestros tribunales de instancia, ha ido ganando terreno en nuestro ordenamiento y constituye, al presente, un sabio método para aligerar los procesos judiciales". Cita precisa a la pág. 10545.
El caso ante nuestra consideración es un ejemplo de la falta de diligencia que interfiere con el principio rector imperante sobre la calidad de la justicia y la solución de los casos de manera justa, rápida y económica. Iniciado el descubrimiento de prueba, al no contestar a tiempo el aludido interrogatorio, los peticionarios han contribuido a que el juicio se haya retrasado inexcusablemente. Sin embargo, estamos conscientes de que el abogado de los peticionarios no contó con la cooperación de sus clientes, quienes alegadamente tenían problemas entre sí, lo cual impidió que él realizara su labor a tiempo. De otra parte, los peticionarios habían contestado el interrogatorio un mes antes de que el tribunal procediera a anotarles la rebeldía.
Las circunstancias particulares del presente caso deben ser analizadas a la luz del balance justiciero que requiere la ponderación del principio de justicia rápida y buena, frente al derecho de todo litigante de que los casos se vean en los méritos La tendencia ha sido siempre hacia la aplicación de acciones disciplinarias, y si esas no producen resultados positivos, entonces se disponen las más severas sanciones. De este modo se mantiene el delicado balance que hace de la justicia un ente más luminoso
A tenor de las consideraciones que anteceden y estimada la conducta procesal observada en este caso, como consecuencia de la falta de cooperación de los peticionarios, se expide el auto y revocamos la orden recurrida. Se le imponen trescientos ($300) dolares en sanciones para el Estado Libre Asociado de Puerto Rico, a la parte peticionaria y se le apercibe tanto a dicha parte, como al abogado que los representa, que de persistir la conducta que ha ocasionado dilaciones injustificadas en este proceso, el Tribunal de Primera Instancia mantiene su autoridad para imponer las más severas sanciones, tanto a la parte, como al abogado.
La sanción económica impuesta deberá ser depositada en la Secretaría del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, bajo el caso 93-3200, en los próximos diez (10) días, a partir de la notificación de esta sentencia. Además, deberá enviar evidencia del pago a este Tribunal dentro de un término de quince (15) días, contados también a partir de la notificación de esta sentencia.
Devuélvase el caso al foro de instancia para la continuación de los procedimientos en forma consistente con la presente sentencia.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 290
1. Dicha resolución fue notificada el 26 de mayo de 1995.
2. Véase la pág. 21 del apéndice del recurso de certiorari.
3. Véase la pág. 19 del mismo apéndice.
*1140 4. Véase la pág. 16 del referido apéndice.
5. Véase la pág. 15 del apéndice.
6. Véase la pág. 14 del apéndice. Dicha resolución fue notificada el 1 de septiembre de 1994.
7. Véase la pág. 12 del apéndice.
8. Véase la pág. 11 del apéndice.
9. Aunque dicha conferencia fue pautada para el 10 de octubre de 1994, al parecer fue pospuesta para el 8 de noviembre de 1994, pero del expediente no surge la razón para el cambio de fecha.
10. Véase la minuta en la pág. 8 del apéndice.
11. Véase la minuta en la pág. 6 del apéndice.
12. Véase la pág. 4 del apéndice.
13. Véase la pág. 2 del apéndice
14. Véase la pág. 1 del apéndice.